JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jemia Underwood, | No. CV 05-2798-PHX-DGC (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

In this civil rights action brought by a former county jail inmate, Defendant Arpaio moved to dismiss for lack of exhaustion (Doc. #8). Plaintiff failed to respond. The Court will grant Defendant's motion.

**I. Background**

Plaintiff sued Sheriff Joseph Arpaio and alleged that his constitutional rights were violated by inadequate food and overcrowding at the jail (Doc. #1). Plaintiff also alleged that he was denied the free exercise of religion during his confinement [1] (Id. at 6A). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##4, 8). The Court issued an order informing Plaintiff of his obligation to respond and the quantum of evidence necessary to successfully rebut Defendant's contentions (Doc. #9). Plaintiff did not file a response. The time for responding has expired, and the motion is ready for ruling.

---

[1] Upon screening, the Court dismissed the Maricopa County Sheriff's Office and Gerrard Sheridan as Defendants, and Counts I and V (Doc. #4).

In support of his motion, Defendant submitted the affidavit of Zelean Tademy, a Sergeant assigned to the Inmate Hearing Unit (Doc. #8). Tademy attests that inmates may grieve all issues pertaining to conditions of confinement, and that detention officers pass out grievances as part of their daily duties (Tademy Aff. ¶ 4). According to the sheriff's office records, Plaintiff filed two grievances during his confinement at the jail, neither of which are related to the claims in this action (Id. ¶ 7). In addition to the affidavit, Defendant submitted a copy of the Inmate Grievance Procedure, Policy DJ-3, and two pages from the "Rules and Regulations for Inmates" (Exs. A-B, Doc. #8).

## II. Failure to Respond

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).

After Defendant filed the Motion to Dismiss, the Court informed Plaintiff of his obligation to respond to the motion, and that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #9). Despite these warnings, Plaintiff failed to respond to Defendant's motion. Plaintiff's failure to respond will be construed as a consent to the granting of the motion. The merits of Defendant's motion will also be addressed.

## III. Legal Standard on Motion to Dismiss

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life,

1  Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through
2  the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

3        Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt
4  v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of
5  abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to
6  decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the
7  method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's &
8  Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

9  **IV. Analysi**s

10       Defendant submitted evidence that a grievance system is available at the jail for
11 Plaintiff's claims (Tademy Aff. ¶ 4; Exs. A-B, Doc. #8). Plaintiff conceded in his Complaint
12 that he failed to appeal his claims to the highest level. Plaintiff explained that he did not
13 appeal his grievances because he was either threatened with disciplinary segregation or
14 retaliation, or jail staff had a way of "losing" Plaintiff's paperwork (Doc. #1 at 5-6A). But
15 Plaintiff does not specify his attempts to appeal; he only provides general allegations that he
16 was threatened by unidentified staff (Id.). Plaintiff has not alleged exactly what transpired
17 for each of his three Counts. In his explanation for why he did not appeal his claims to the
18 highest level, Plaintiff refers to an "Exhibit A," but there is no Exhibit A attached to his
19 Complaint. Without more specific allegations, Plaintiff cannot overcome Defendant's
20 evidence showing that an appeal system was available at the jail for Plaintiff's claims.

21       Defendant proffered evidence to sufficiently rebut Plaintiff's claim that inmates are
22 prohibited from appealing grievances (Exs. A-B, Doc. #8). In failing to respond to the
23 motion, Plaintiff has presented nothing to support a conclusion that he availed himself of the
24 opportunity to exhaust. Based on the evidence before the Court, Plaintiff failed to exhaust
25 his administrative remedies, and Defendant's motion will be granted.

1    **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #8) is **granted**.
2 Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court
3 shall enter a judgment of dismissal accordingly.
4    DATED this 12th day of October, 2006.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge